FILED IN CHAMBERS
THOMAS W. THRASH JR.
U S D.C. Atlanta

NOV 1 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JODY ALLEN SHEA, | PRISONER CIVIL RIGHTS |
| Plaintiff, | 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. |
| | 1:05-CV-2605-TWT |
| GWINNETT MEDICAL CENTER, | |
| Defendant. | |

## ORDER AND OPINION

Plaintiff, Jody Allen Shea, currently confined in the Gwinnett County Detention Center ("GCDC") in Lawrenceville, Georgia, seeks leave to file this civil rights action without prepayment of the filing fee, other fees, or security therefor. (Doc. Nos. 1, 2.) For the purpose of dismissal only, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for review pursuant to 28 U.S.C. § 1915A.

### I.    28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., the factual

allegations are "clearly baseless," the legal theories are "indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003), cert. denied, 540 U.S. 1219 (2004).

## II. Discussion

Plaintiff brings this action against the Gwinnett Medical Center ("GMC"). (Doc. No. 1.) Plaintiff states that on November 28, 2004, after sustaining injuries in a fall down a flight of steps,[1] he was taken to GMC, the police came in, and GMC let

---

[1] In another action currently pending before this Court, Plaintiff states that the fall occurred at the GCDC and he has been charged with escape. Shea v. Conway, No. 1:05-CV-2401-TWT (N.D. Ga. 2005). That action against certain Gwinnett County officials is currently proceedings on various claims, including Plaintiff's claims

2

the police take him without his being treated. (Id. ¶ IV.) Plaintiff contends that GMC was "negligent in failing to give [him] any medical treatment at all." Plaintiff seeks injunctive relief and damages in the amount of ten million dollars. (Id. ¶ V.)

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1243, 1245-46 (11th Cir. 2003). However, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Three tests exist "for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Id. Public function requires that the private actor perform a function that is "traditionally the exclusive function . . . of the State." Id. at 1131 (citation omitted). State compulsion requires that the state encouraged or compelled the allegedly unconstitutional action. Id. at 1130-31. Under the nexus/joint action test, the state and private party must be involved in a joint enterprise and "intertwined

---

regarding his medical treatment at GCDC. Id.

3

in a symbiotic relationship" that involves the allegedly unconstitutional conduct. Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003); Harvey, 949 F.2d at 1131. Additionally, absent allegations of a custom or policy that resulted in the alleged deprivation, a hospital cannot be held liable on the basis of respondeat superior or vicarious liability. See Harvey, 949 F.2d at 1129-30 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). See also Monell, 436 U.S. at 694 (holding that entity's policy or custom must be the cause of the alleged deprivation in order for the entity to incur § 1983 liability).

Because Plaintiff does not name a state actor or a state action by GMC, he fails to state a claim under § 1983. See West, 487 U.S. at 48. GMC's provision of medical services does not qualify as a traditional state function. See Harvey, 949 F.2d at 1131 (discussing state function). Further, GMC's act of releasing Plaintiff to the police indicates no more than obedience to officers of the law, and Plaintiff alleges nothing to show a joint decision regarding his medical care. See id. at 1131 (discussing nexus/joint function). Although GMC may have been compelled to release Plaintiff into police custody, the police took no action to direct or compel GMC on medical matters. See id. at 1130-31 (discussing state compulsion). To the extent that GMC could be considered to have acted under state compulsion in releasing Plaintiff to the

4

police, an act in obedience to an officer of the law does not translate into a showing of deliberate indifference to Plaintiff's medical needs. See Farrow, 320 F.3d at 1243. Moreover, even if GMC could be considered a state actor, it cannot be held vicariously liable for the actions of its employees, and Plaintiff alleges nothing to indicate a policy or custom of deliberate indifference to prisoners' medical needs. Accordingly, Plaintiff fails to state a claim under § 1983.

### III. Conclusion

**IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 31 day of October, 2005.

Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE